


Donald W. Heyrich
OSBA #072645
dheyrich@heyrichlaw.com
Heyrich Kalish McGuigan PLLC
1325 Fourth Avenue, Suite 540
Seattle, WA 98101
Telephone: (206) 838-2504
Fax: (206) 838-2505
Attorney for Plaintiff Robert Shanklin and proposed Plaintiff Class

FILED'09 SEP 23 10:13USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROBERT SHANKLIN, individually, and on behalf of a class of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SLEEP COUNTRY USA, Inc.,<br><br>Defendant. | NO. CV'09 - 1127 - HA<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION**<br><br>**JURY TRIAL DEMANDED** |

## I.   INTRODUCTION

This class action, brought on behalf of Robert Shanklin ("Representative Plaintiff") and all other persons who are or have been employed in sales positions by Sleep Country USA, Inc. ("Sleep Country"), within the state of Oregon between September 22, 2003, and the present ("Class Period"). Specifically, Representative Plaintiff represents sales employees who were not paid commissions owed to them.

Representative Plaintiff Robert Shanklin alleges as follows:

#29234

CLASS ACTION COMPLAINT - 1

## II.     NATURE OF ACTION

2.1     Representative Plaintiff, individually and on behalf of all other class members, seeks unpaid wages/commissions and other equitable relief, statutory damages, attorneys' fees and costs.

2.2     The Class Period is designated as the time from at least the commencement of the pay period including September 22, 2003, through the conclusion of trial on all issues presented in the action, based upon the allegation that the Defendant's violations of Oregon's wage laws and contract, as described below, have been ongoing since at least that date.

2.3     During the Class Period, Sleep Country and its officers willfully failed to pay commissions owed to its sales employees. Sleep Country agreed to pay its sales employees commission based on the "gross profit" (price – cost) of each sale. Sleep Country failed to pay all owed commissions to its employees by improperly overstating "the costs of goods sold" to reduce the stated gross profit on each sale. This practice resulted in employees receiving less commission than what they were owed.

## III.     JURISDICTION AND VENUE

3.1     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Robert Shanklin is a resident and citizen of Oregon. Sleep Country USA, Inc. is a Delaware corporation with its principal place of business in Washington. Representative Plaintiff believes that the matter in controversy in this class action exceeds $5,000,000.

3.2     Venue is proper under 28 U.S.C. 1391(a)(2) because a substantial part of the events or omissions giving rise to this class action occurred in Oregon.

## IV. THE PARTIES

4.1   Representative Plaintiff identified herein is a natural person who lives in Oregon and was, during all or part of the Class Period, employed by Sleep Country to sell mattresses, bed frames, and other goods on commission.

4.2   As used throughout this Complaint, the terms "Class Members" and/or the "Plaintiff Class" refer to the Representative Plaintiff herein as well as each and every person eligible for membership in the class of persons as further described and defined herein.

4.3   The Plaintiff Class consists, generally, of all members who are/were employed in sales positions by Sleep Country within the State of Oregon at any time during the Class Period.

4.4   Sleep Country is a for-profit business corporation incorporated in the State of Delaware and headquartered in Kent, Washington. Sleep Country transacts business throughout Oregon.

## V. FACTUAL ALLEGATIONS

5.1   Sleep Country, which was founded in 1991, is one of the largest mattress retailers in the Pacific Northwest with stores in Oregon. During the Class Period, Sleep Country hired hundreds of individuals to work as part of its Oregon State sales force.

5.2   Sleep Country agreed to compensate its employees through commissions on each sale. Sleep country agreed to provide its employees with a commission, ranging from 12% to 20%, on the "gross profit" of each sale. "Gross profit" means the sales price minus the cost of the good sold.

5.3   For the time during the Class Period, Sleep Country engaged in a company-wide policy of not paying its sales staff all of the commissions that they earned. Sleep Country did this by improperly overstating the cost of items sold for purposes of determining the stated "gross profit" and the commission earned on each sale. By improperly overstating the cost of the

item, Sleep Country was able to reduce the stated "gross profit" on each sale, which resulted in sale associates receiving less commission than they actually earned.

5.4   Sleep Country and its officers knew of these facts and, nonetheless, willfully directed, authorized, or ratified violations of the laws cited herein.

## VI.   CLASS ACTION ALLEGATIONS

6.1   Representative Plaintiff brings this action, individually and as a class action on behalf of all persons or entities damaged by Defendant's conduct including, but not necessarily limited to, the following plaintiff class:

> All persons who were/are employed by Sleep Country USA, Inc. in a sales capacity and who earned part or all of their salary through commissions and who worked in one or more of its Oregon stores at any time during the Class Period.

6.2   Excluded from the Class are Sleep Country, its officers, and executives.

6.3   Plaintiff Representative believes the proposed Class includes hundreds of Sleep Country employees, but the precise number and identities of the Class members are currently unknown.

6.4   This action is brought and may be properly maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

6.5   The number of members in this Class for whose benefit this action is brought is so numerous that the joinder of all of the members is impractical, if not impossible, insofar as Representative Plaintiff is informed and believes that the total number of the class is into the hundreds. The exact number in the Class can only be determined upon analysis of employee and payroll records and among other records maintained by Sleep Country.

6.6   There are questions of law and fact that are common to the Class and which

predominate over any individual issues. Common questions of law and fact include, without limitation:

    a.    Whether Sleep Country overstated the "cost" of goods when calculating "gross profit" and commissions;

    b.    Whether Sleep Country acted willfully in overstating the costs of its goods sold when calculating commissions;

    c.    Whether Sleep Country violated ORS 652.140 by overstating the costs of goods sold when calculating commissions;

    d.    Whether Sleep Country violated its contractual promise to its employees by overstating the costs of goods sold when calculating commissions to its employees;

    e.    Whether Sleep Country was unjustly enriched by its actions;

    f.    The nature and extent of remedies to which the conduct of Sleep Country entitles the Class members; and

    g.    Whether Sleep Country violated its contract to pay its employees commissions on the gross profit of a sale.

6.7    Sleep Country engaged in a common course of conduct giving rise to the legal rights sought to be enforced by the Class members. Individual questions, if any, pale by comparison to the numerous common questions that dominate.

6.8    Representative Plaintiff in this class action is an adequate representative of the Plaintiff Class, in that Representative Plaintiff's claims are typical of those of the Plaintiff Class and Representative Plaintiff has the same interest in litigation of this case as the class members. Representative Plaintiff — like everyone in the Class — was not paid commissions because Sleep Country and certain of its officers engaged in a policy of improperly overstating the "costs of goods sold" when determining gross profit and commissions. Representative Plaintiff is committed to the vigorous prosecution of this case and has retained competent counsel. Representative Plaintiff is not subject to any individual defenses unique from those conceivably

applicable to the Plaintiff Class as a whole. Accordingly, Plaintiff will fairly and adequately protect and represent the interests of the Class.

6.9     The class action device is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and the Class members. Since the damages suffered by individual class members, while not inconsequential, may be relatively small so the burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff Class to seek redress individually for the wrongful conduct alleged herein. Should separate actions be required to be brought by each individual member of the Class, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create the risk of inconsistent rulings, which might be dispositive of the interests of the other class members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

6.10    Representative Plaintiff does not foresee any difficulty in management of this action, as the evidence proving their claims is ascertainable through discovery, the identities of the class are known to Sleep Country, and the damages can be calculated from Sleep Country's records.

## VII.   CAUSES OF ACTION

### A.    FIRST CAUSE OF ACTION (Violation of ORS 652.140 *et. seq.*)

7.1     Representative Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

7.2     At all times material herein, Representative Plaintiff has been entitled to the rights, protections, and benefits provided under ORS 652.140 *et. seq.*

7.3     ORS 652.140 *et seq.* requires, among other things, that an employer pays its employee all commissions earned. By improperly overstating the cost of the goods sold, Sleep

Country failed to pay all commissions owed to the Representative Plaintiff and the Plaintiff Class, violating ORS 649.140 *et. seq.*

### B.    SECOND CAUSE OF ACTION (Breach of Contact)

7.4    Representative Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

7.5    Sleep Country agreed in writing to pay Representative Plaintiff commission measured by the gross profit on each sale. Sleep Country breached its agreement with Representative Plaintiff by falsely stating the cost of goods sold at a cost higher than the actual cost of goods sold, thereby, reducing the gross profit on each sale. Sleep Country's actions in this regard materially breached its agreement with the Representative Plaintiff and the Plaintiff Class.

### C.    THIRD CAUSE OF ACTION (Unjust Enrichment)

7.6    Representative Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

7.7    Sleep Country has benefited and been unjustly enriched by the conduct alleged in this Complaint. Sleep Country has failed to pay commissions, and continues to pay improper commissions, obtaining benefits and profits as a result of its conduct.

7.8    The circumstances as described herein are such that it would be inequitable for Sleep Country to retain those ill-gotten benefits without paying the value thereof to the Class.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all others similarly situated, demand judgment against Defendant and pray for:

A.    An order certifying this case as a class action and appointing Representative Plaintiff and their counsel to represent the Class;

B.  A judgment awarding Plaintiff and members of the Class compensatory and punitive damages in an amount to be proven at trial, together with prejudgment interest at the maximum rate allowed by law;

C.  An order requiring Defendant to immediately cease their wrongful conduct as set forth above; enjoining Defendant from continuing to improperly increase the cost of goods sold and failing to pay sales employees all commissions owed;

D.  Restitution and disgorgement of all amounts obtained by Defendant as a result of their misconduct, together with interest thereon from the date of payment, to the victims of such violations;

E.  An accounting of books and records in the possession of Defendant and/or the appointment of a receiver to determine the compensation owed to Representative Plaintiff and Class members;

F.  Statutory penalties as permitted by law;

G.  Reasonable attorneys' fees and the costs of this action as permitted by law;

H.  Statutory prejudgment interest; and

I.  Such other relief as this Court may deem just and proper.

### IX. JURY TRIAL DEMAND

Plaintiff Representative requests a trial by jury.

Dated this 22nd day of September, 2009.

HEYRICH KALISH McGUIGAN PLLC

By: Donald W. Heyrich, OSBA #072645
Attorneys for Representative Plaintiff and proposed Plaintiff Class

CLASS ACTION COMPLAINT - 8

HEYRICH KALISH McGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504