IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
ROBERT SHANKLIN,                    )
                                    )
        Plaintiff,                  ) Case No. CV 09-1127-HU
                                    )
    v.                              )
                                    )     OPINION AND
SLEEP COUNTRY USA, INC.,            )
                                    )        ORDER
        Defendant.                  )
_____)
```

Donald W. Heyrich
Heyrich Kalish McGuigan
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
    Attorney for plaintiff

Michael G. McClory
Bullard Smith Jernstedt Wilson
1000 S.W. Broadway, Suite 1900
Portland, Oregon 97205

John C. Fox
Alexa L. Morgan
Manatt Phelps & Phillips
1001 Page Mill Road, Building 2
Palo Alto, California 94304

Alison S. White
Manatt Phelps & Phillips
One Embarcadero Center, 30th Floor
San Francisco, California 94111
    Attorneys for defendant

///

OPINION AND ORDER Page 1

HUBEL, Magistrate Judge:

This is a putative class action, filed on September 23, 2009, alleging that defendant Sleep Country USA, Inc. (SCUSA) failed to pay plaintiff Robert Shanklin and others similarly situated commissions owed upon termination. SCUSA moves the court for an order dismissing or staying the action, on the ground that the putative plaintiffs and the claims asserted are substantially similar to, or duplicative of, an earlier-filed action in the Western District of Washington, Patey et al. v. The Sleep Train/Sleep Country USA, CV 09-1239. See SCUSA's Request for Judicial Notice, Exhibit 1 (complaint filed in Patey case).

The principles of comity allow a district court to decline jurisdiction over an action where a complaint involving the same or substantially similar parties and issues has already been filed in another district. Barapind v. Reno, 225 F.3d 1100, 1109 (9th Cir. 2000). Thus, when actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the case. Pacesetter Systems Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982). Application of the "first to file" rule involves consideration of three factors: 1) chronology; 2) identity of issues; and 3) identity of parties. Id. The district court in which the later action was filed has discretion to transfer, stay or dismiss the second action in the interests of efficiency and judicial economy. Amerisourcebergen Corp. v. Roden, 495 F.3d 1143, 1156 (9th Cir. 2007)[Ferguson, J., concurring, citing Cedars-Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997)].

OPINION AND ORDER Page 2

Shanklin concedes that the first to file rule applies, but asks that the court transfer this case to the Western District of Washington, rather than dismissing the complaint without prejudice or entering a stay. Shanklin argues that the Washington court can "better decide whether to consolidate the two actions, stay one of the cases, or dismiss either action." Plaintiff's Response, p. 1-2. Shanklin contends that dismissal could prejudice him by depriving him of his status as a class representative, "essentially depriving him of any substantive control over the lawsuit against Sleep Country." Id. at 4. SCUSA responds that Shanklin can maintain control over his own lawsuit by opting out of Patey and pursuing his claims as an individual, thereby eliminating the potential for such prejudice.

Shanklin also asserts that he may be prejudiced if this case is dismissed because federal jurisdiction over his claims is based on the Class Action Fairness Act, while jurisdiction in the Patey case is supplemental; thus, if the Patey court declined to exercise supplemental jurisdiction over the Oregon claims, Shanklin would be without a forum for his claims. SCUSA counters that even if the Patey court should decline to exercise jurisdiction over the Oregon claims, Shanklin is free to refile his action, with the applicable statute of limitations having been tolled.[1]

---

[1] SCUSA contends that the Patey case is a re-filed version of an earlier suit, Campbell et al. v. Sleep Train/Sleep Country, filed in the Northern District of California on December 24, 2008. SCUSA represents that the Campbell case was dismissed pursuant to an agreement of counsel that the Washington and Oregon plaintiffs would bring their claims in the Western District of Washington, and that the statute of limitations would

OPINION AND ORDER Page 3

1    In view of Shanklin's arguments about possible prejudice, this case is transferred to the Western District of Washington. This court will defer to the Washington district court to determine whether Shanklin should be dismissed without prejudice.

IT IS SO ORDERED.

Dated this 19th day of  January , 2010.

                                    /s/ Dennis James Hubel

                                    Dennis James Hubel
                                    United States Magistrate Judge

---

be tolled until September 1, 2009. SCUSA has not proffered admissible evidence on this point, however.

OPINION AND ORDER Page 4